106 F.3d 442
 323 U.S.App.D.C. 173
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
BARTON VILLAGE, INC., et al., Petitioners,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Vermont Department of Public Service, et al., Intervenors.
 No. 96-1049.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 11, 1996.
 
 Before WALD, WILLIAMS and TATEL, Circuit Judges.
 
 JUDGMENT
 
 1
 Having considered the record from the Federal Energy Regulatory Commission and the briefs and arguments of counsel, the Court is satisfied that appropriate disposition of this case does not require a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying Memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by the Court that the case is remanded to the Commission for further proceedings solely with respect to the pre-1983 agreements and the petition for review is otherwise denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a).
 
 MEMORANDUM
 
 4
 This petition for review concerns rates for electricity transmission and power services provided by the Citizens Utilities Company ("Citizens") to four Vermont villages, Barton Village, the Village of Enosburg Falls, the Village of Orleans, and the Village of Swanton Village (the "Villages"). Citizens began supplying the Villages with transmission and generation services in the 1950s. In 1991 the Villages stopped purchasing power from Citizens, but they continue to purchase Citizens' transmission services under two types of contracts, FPC-10 letter agreements and Block Loading Facilities Transmission Agreements ("BLFTA"). While some of Citizens' rates were filed with the Commission, as required under § 205 of the Federal Power Act, 16 U.S.C. § 824d(e), others were not. The Villages filed a complaint in 1992, requesting that the Commission order Citizens to file its past rates and prospective rate schedules, that it establish whether those rates were just and reasonable, and that it award the Villages refunds for Citizens' failure to file, consistent with the policy that the Commission announced in Central Maine Power Company, 56 FERC p 61,200, reh'g denied, 57 FERC p 61,083 (1991), relating to services provided under agreements that ought to have been filed with the Commission but had not been.[1]
 
 
 5
 In an order issued June 25, 1993, the Commission identified the services that Citizens had provided the Villages since 1983, found that they were jurisdictional, and directed Citizens to file "the agreements discussed in the body of this order, and all other agreements under which Citizens provides jurisdictional service, with appropriate cost support, within 60 days of the date of this order." Villages, 63 FERC p 61,329 at 63,191 (1993). The order was silent as to the power sales agreements that pre-dated 1983. The Commission also found that Citizens had had good cause to believe its power sales and BLFTA services were nonjurisdictional and that Citizens had made a good faith attempt to file the FPC-10 agreements. The Commission therefore waived the prior notice requirement and denied the Villages Central Maine refunds. The Villages timely filed a petition for rehearing.
 
 
 6
 Citizens complied with the order and filed agreements for terminated and ongoing services, accompanied by cost support data. It also filed revised 1994 BLFTA and FPC-10 rates.
 
 
 7
 On July 1, 1994 the Commission denied the Villages' petition for rehearing, noting that "[e]ven if the Commission had ordered Citizens to pay refunds for its late filing, the Commission subsequently would have rescinded that refund order in light of its [order in Prior Notice and Filing Requirements Under Part II of the Federal Power Act, 64 FERC p 61,138 (1993) (Final Order) (the "Prior Notice " order) ]--issued three days after the filing of the agreements within the amnesty period announced in that order." Villages, 68 FERC p 61,005 at 61,034 (1994). Pursuant to § 205 of the Federal Power Act, 16 U.S.C. § 824d, the Commission also accepted the rates Citizens filed in compliance with the June 25, 1993 order, stating that its "analysis ... indicates no excess revenues." 68 FERC at 61,034. Furthermore, it accepted the revised 1994 rates and waived filing requirements for future annual updates of Citizens' formula rates.
 
 
 8
 On December 14, 1995 the Commission denied the Villages' petition for rehearing, Villages v. Citizens Utility Company, 73 FERC p 61,303 (1995), and the Villages now seek relief in this court. We remand the case with respect to Citizens' pre-1983 power agreements because of the Commission's failure to take any action on the Villages' claims with respect to those agreements, but we deny the petition on the other issues raised by the Villages.
 
 
 9
 * * *
 
 
 10
 1. The pleadings before the Commission made it clear that the Villages had put in issue all of the unfiled rates, not only those from 1983 and onwards. The Commission, however, did not discuss the pre-1983 power contracts and thus, obviously, gave no rationale for dismissing the Villages' complaint (if indeed that is what it meant to do). We cannot put words in the mouth of the Commission. See SEC v. Chenery Corp., 318 U.S. 80, 87-88 (1943). We therefore remand this aspect of the case to the Commission for it to address these agreements.
 
 
 11
 2. As to the denial of Central Maine refunds, we find no error. The Commission properly rested its decision on Citizens' compliance with the revised amnesty period established in the Prior Notice order. The Villages failed to timely seek a rehearing or judicial review of that order and they are barred from challenging the revised amnesty window now. See Raton Gas Transmission Co. v. FERC, 852 F.2d 612, 615 (D.C.Cir.1988) ("an attack upon the validity of an agency regulation after expiration of the statutory review period is rarely to be permitted"). The Villages take refuge in footnote 8 of the Prior Notice order, which urges parties to "refrain from commenting on the specific facts and circumstances of specific cases." See Prior Notice, 64 FERC at 61,978 n. 8. But in context the footnote cannot be read to absolve the Villages from their duty to attack the general rule laid down in Prior Notice--namely, that Central Maine refunds would not be granted with respect to agreements filed within the amnesty period. The reservation of the Citizens issue merely excepted Citizens from the otherwise general decision that agreements that had fully terminated before August 2, 1991 need not be filed at all. See id. at 61,980-81. Because Citizens' compliance with the revised amnesty window is adequate grounds for denial of Central Maine refunds under the Prior Notice order, and the Villages failed to challenge that order, the Commission's denial must stand.
 
 
 12
 3. The Villages also challenge the Commission's finding that Citizens' past and prospective rates were just and reasonable. In a hearing pursuant to § 205 of the Federal Power Act, the utility carries the burden of proving that the rates in question are just and reasonable. 16 U.S.C. § 824d(e). If the Commission's finding on the facts is supported by substantial evidence, we must affirm. 16 U.S.C. § 8251(b).
 
 
 13
 First, insofar as the Villages suppose that the Commission wrongly placed the burden of proof on the challengers of the rates, rather than on the utility as required by § 205, we think they overread a single sentence in the July 1, 1994 order. It is true that the Commission said that its review of the cost support indicated that the rates "have not been shown to be unjust, unreasonable," etc. 68 FERC at 61,033. But at the same time the Commission affirmatively found that its analysis "indicates no excess revenues." Id. at 61,034.
 
 
 14
 Moreover, to this day the Villages point to nothing that would undermine an affirmative finding that the rates are just and reasonable. In response to Citizens' compliance filing of August 23, 1993, Citizens Utilities Co., No. EL92-33-002 (September 3, 1993), the Villages filed a series of objections related to the allocation of transmission costs among Citizens' customers, the depreciation calculations used in FPC-10 and BLFTA rates, and Citizens' failure to justify its cost of capital. Joint Appendix ("J.A.") 285-312. Shortly thereafter, the Commission issued a deficiency letter requesting additional submissions from Citizens, most of which were designed to settle the numerous issues raised by the Villages. J.A. 363. An exchange between the Villages and Citizens ensued, in which the Villages continued to question Citizens' method of allocating transmission costs and its stated return on equity (based upon a cost of service study), J.A. 447-58, and Citizens explained its transmission cost allocation method and pointed to mistakes in the Villages' cost of service study, J.A. 476-89. In deciding that Citizens' rates were just and reasonable, the Commission found that the Villages' outstanding objections lacked merit, and accepted Citizens' rates for filing. 68 FERC p 61,005 at 61,031-61,034.
 
 
 15
 The Villages point to only one piece of evidence that, at first glance, might be thought to call into question the Commission's finding that Citizens' BLFTA rates were just and reasonable. On November 30, 1995 the Commission initiated an investigation into Citizens' BLFTA rates under § 206 of the Act, 16 U.S.C. § 824e, indicating that the Commission had reason to believe that the BLFTA rates might not be just and reasonable. Citizens Utilities Co., 73 FERC p 61,283 (1995) (initiating proceeding under § 206 and establishing refund effective date). However, we review the § 205 order only on the basis of the administrative record before the Commission. See Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 419 (1971). Since the § 206 proceeding was initiated over a year after the Commission had concluded fact-finding in the § 205 proceeding and had decided to accept Citizens' BLFTA rates for filing, the § 206 proceeding has no bearing on this case. It is plain that the two sections contemplate that the Commission may on one day find that the utility has carried its burden under § 205, and on another find that there is reason to believe that the Commission can affirmatively show that the rates are unjust and unreasonable under § 206. Nothing more appears to have happened here.
 
 
 16
 With respect to Citizens' revised 1994 FPC-10 and BLFTA rate filings and the Commission's waiver of § 205 notice and filing for annual updates, it is well-established that once the Commission accepts a filed rate formula, it will waive § 205 notice and filing as long as the rate changes remain consistent with the formula. Alabama Power Co. v. FERC, 993 F.2d 1557, 1567-68 (D.C.Cir.1993). As of the July 1, 1994 order, the Commission had not yet approved FPC-10 and BLFTA rate formulae, and therefore Citizens filed the changes it proposed to make pursuant to those formulae. Citizens Utilities Co., No. ER94-1209-000, ER94-1210-000 (May 5, 1994). Once the Commission approved the formulae, its only obligation was to ascertain that the changes were consistent with them, which it did, 68 FERC at 61,034. At that point, it was also entitled to waive notice and filing for future FPC-10 and BLFTA updates.
 
 
 17
 * * *
 
 
 18
 The case is remanded to the Commission for further proceedings solely with respect to the pre-1983 agreements and the petition for review is otherwise
 
 
 19
 Denied.
 
 
 
 [1]
 In its 1991 Central Maine decision the Commission established a 60-day amnesty window for unfiled jurisdictional agreements and, for agreements filed after the expiration of the amnesty window (October 7, 1991), set a refund obligation consisting of the difference between the rates previously billed and the variable costs actually incurred by the utility in providing the service. Later, the Commission held that public utilities were not required to file agreements under which service had terminated prior to August 2, 1991, the date of the Central Maine decision. Prior Notice and Filing Requirements Under Part II of the Federal Power Act, 62 FERC p 61,128 (1993) (Initial Post-Technical Conference Order on the Filing of Expired Agreements). In this initial order, the Commission created an exception for pre-August 2, 1991 agreements that were the subject of a complaint filed as of the date of the issuance of the order, an exception crafted expressly for the Villages' complaint against Citizens. 62 FERC at 61,824 n. 2. Later, the Commission extended the amnesty window created in the Central Maine case to include any agreement filed by December 31, 1993. Prior Notice and Filing Requirements Under Part II of the Federal Power Act, 64 FERC p 61,138 (1993) (Final Order)